

# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners:  Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

August 11, 2022                                                                                   Date mailed: 8/11/2022

Tonae Bolton                                                              Amy E. Thomas, Esq.
5105 East 128th Street                                            University Hospitals Health System, Inc.
Garfield Heights, Ohio 44125                                 3605 Warrensville Center Road
                                                                                    Mail Stop: MS 9115
                                                                                    Shaker Heights, Ohio 44122

## LETTER OF DETERMINATION
Tonae Bolton v. University Hospitals Health System, Inc.
CLEB4(46700)10072021; 22A-2022-00799

**FINDINGS OF FACT:**
Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission ("Commission") alleging Respondent engaged in an unlawful discriminatory practice.  All jurisdictional requirements for filing a charge have been met.

After receiving the charge, the Commission conducted an investigation into Charging Party's allegations against Respondent. During the investigation, the Commission considered relevant documents and testimony. The information gathered does not support a recommendation that Respondent unlawfully discriminated against Charging Party. Specifically, the Commission found that Charging Party was not denied a reasonable accommodation due to disability or in retaliation for engaging in protected activity. The investigation demonstrated that the accommodation Charging Party requested would have placed an undue burden on Respondent. Moreover, Charging Party had lost position protection per Respondent's internal policy. No information supported that Charging Party engaged in any protected activity as defined by Ohio Revised Code Chapter 4112.

**DECISION:**
The Ohio Civil Rights Commission determines it is **NOT PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be **DISMISSED**.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.

**NOTICE OF RIGHT TO REQUEST RECONSIDERATION:**
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of the Commission's determination. The application must be in writing and state specifically the grounds upon

Tonae Bolton v. University Hospitals Health System, Inc.
CLEB4(46700)10072021; 22A-2022-00799
Page 2

which it is based. You must submit the request for reconsideration, along with all additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this notice. This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad Street, 5th Floor, Columbus, Ohio 43215. Any application for reconsideration received after the ten-day period has expired will be deemed untimely. The Commission's Rules do not permit any employee of the Commission to grant any extension to this ten-day filing period. If you wish to appear before the Commissioners to present oral arguments in support or your request for reconsideration, you must specifically make a request to appear in writing.

**FOR DUAL FILED CHARGES ONLY:**
If your charge was filed with both the Commission and the U. S. Equal Employment Opportunity Commission (EEOC), you have the right to request that the EEOC conduct a review of the Commission finding. The request for such a review must be sent directly to the EEOC State and Local Coordinator at 101 W. Ohio St., Suite 1900, Indianapolis, IN 46204. To secure such a review, you must request it in writing within **FIFTEEN (15) days** of Commission's finding, unless you request a reconsideration by Commission. In that event, our final finding, and the time for you to request review by EEOC, will be determined by Commission's action on your reconsideration request.

**NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW:**
A determination of the Commission that constitutes a Final Order is subject to judicial review, wherein the court reviews the contents of this letter and determines if there are sufficient factual findings supporting why the Commission did not issue a complaint. A petition for judicial review must be filed in the proper common pleas court within **THIRTY (30) days** of the date the Commission mailed this Final Order. The right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code § 4112.06.

The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.

FOR THE COMMISSION,

*Kathy G. O'Dell*

Kathy G. O'Dell
Regional Supervisor
kathy.odell@civ.ohio.gov

# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Lori Barreras – Chair
J. Rita McNeil Danish
William W. Patmon, III
Madhu Singh
Charlie Winburn



Angela Phelps-White,
Executive Director

| | |
|---|---|
| **Charging Party,** | ) |
| | ) |
|     Tonae Bolton | ) |
| | ) |
| **v.** | )   **Charge No.** CLEB4(46700)10072021 |
| | )                 22A-2022-00799 |
| **Respondent,** | ) |
| | ) |
|     University Hospitals Health System, Inc. | ) |
| | ) |

## NOTICE OF RIGHT TO SUE

     Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112.  The lawsuit may be filed in any State of Ohio court that has jurisdiction over the matter.  Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice.  The time period to file a civil action is tolled during the pendency of the Commission investigation.  You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed.  FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

                                                              **FOR THE COMMISSION**

                                                              *Vera F. Boggs/kgo*

                                                              Vera F. Boggs
                                                              Cleveland Regional Director
                                                              615 W. Superior Ave., Suite 885
                                                               Cleveland, OH  44113
                                                               (216) 787-3150

                                                               Date mailed: August 12, 2022